IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 07-00008-01-CR-W-DW |
| CARL W. BUSSEY, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION TO DENY
DEFENDANT'S MOTION TO DISMISS COUNT ONE FOR FAILURE
TO STATE AN ESSENTIAL ELEMENT**

Before the court is defendant's motion to dismiss count one of the indictment on the ground that it fails to allege an essential element of the offense. I find that count one contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and it contains sufficient information to allow defendant to plead acquittal or conviction in bar of a subsequent prosecution. Therefore, defendant's motion to dismiss count one should be denied.

*I.  BACKGROUND*

On January 5, 2007, an indictment was returned charging defendant with one count of making a false statement, in violation of 18 U.S.C. § 1001, and three counts of perjury, in violation of 18 U.S.C. § 1621.

On November 18, 2007, defendant filed a motion to dismiss count one of the indictment for failure to state an offense on

the ground that the indictment fails to allege an essential element (document number 35). This motion was filed on November 18, 2007, without leave to file it out of time, even though the deadline for filing pretrial motions had passed more than nine months earlier (all pretrial motions were due by February 6, 2007). In support of his motion, defendant states in part as follows:

> Defendant Bussey was served with a subpoena duces tecum, seeking any documents concerning loans or payments to Deborah Neal. The "matter" before the grand jury was not testimony concerning loans, but for "documents and objects." According to the indictment, Bussey stated that he "did not have any documentation of any loans to Judge Neal." The indictment has failed to state that that statement is false. Rather, the indictment states that a statement wholly unrelated to the subpoena for documents -- the Bussey stated he did not make any loans to Judge Deborah Neal -- is false. . . . . The indictment has failed to allege the essential element that the statement was "a matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States."

On November 30, 2007, the government filed a response in opposition to defendant's motion (document number 52) arguing that the indictment alleges that the statement made to FBI Special Agent Schaefer was false, and that a criminal investigation falls within the scope of § 1001.

## *II. THE INDICTMENT*

Count one of the indictment reads as follows:

> 1. On or about September 16, 2004, at Kansas City, in the Western District of Missouri, the defendant CARL W. BUSSEY, was served with a subpoena to appear and testify, and to produce documents, on October 5, 2004, before the

2

Federal Grand Jury empaneled on July 6, 2004, by the Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri. Service of the subpoena was made by Special Agent Walter R. Schaefer, Federal Bureau of Investigation.

    2.   At the time Special Agent Schaefer served the grand jury subpoena, and in Special Agent Schaefer's presence, defendant Bussey read the list of the documents he was required to produce to the grand jury. Defendant Bussey then stated to Special Agent Schaefer that he did not make any loans to Judge Deborah Neal and did not have any documentation of any loans to Judge Neal.

    3.   At the time alleged above the United States and the Grand Jury was engaged in an investigation regarding allegations that Kansas City Municipal Judge Deborah Neal solicited and accepted funds, including loans, from attorneys and others with interests in the cases over which she presided, and that she did not report these in Public Reports of Extra-Judicial Income as required by the Missouri Code of Judicial Conduct, which reports were filed with the Clerk of the Missouri Supreme Court between 1997 and 2004.

    4.   It was a material matter to the Grand Jury and the United States in its investigation to know whether defendant Bussey made any loans to Judge Neal and had any documentation of any loans to Judge Neal.

    5.   On or about September 16, 2004, at Kansas City, in the Western District of Missouri, while discussing the Grand Jury subpoena with Special Agent Walter R. Schaefer, the defendant CARL W. BUSSEY did knowingly, voluntarily, and intentionally, falsely and fraudulently state that he did not make any loans to Judge Deborah Neal, which statement was material to the United States.

    All in violation of Title 18, United States Code, Section 1001.

### III. *SUFFICIENCY OF INDICTMENT*

It is well established that an indictment is sufficient if it (1) contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend,

and (2) enables the defendant to plead an acquittal or conviction in bar of future prosecutions. Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Just, 74 F.3d 902, 903 (8th Cir. 1996). The sufficiency of the indictment is to be judged by practical, and not by technical considerations. Rood v. United States, 340 F.2d 506, 509 (8th Cir.), cert. denied, 381 U.S. 906 (1965). An indictment ordinarily is held sufficient unless it is so defective that by no reasonable construction can it be said to charge the offense for which the defendant was convicted. United States v. Nabors, 45 F.3d 238, 239 (8th Cir. 1995).

An indictment is sufficient when it tracks the language of the statute, advises the defendant of the elements of the offense, apprises him of the charges, and allows him to plead a conviction or acquittal as an impediment to subsequent prosecutions. United States v. Nabors, 45 F.3d at 239. It is generally sufficient that the indictment sets forth the offense in the words of the statute itself, so long as those words fully, directly, and expressly, without uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished. Hamling v. United States, 418 U.S. at 117; United States v. Nabors, 45 F.3d at 239. However, the indictment does not have to follow the exact wording of the statute. United States v. Haley, 581 F.2d 723, 726 (8th Cir.), cert. denied, 439 U.S. 1005 (1978).

4

Rule 7(c), Federal Rules of Criminal Procedure, requires that an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Although the language of the statute may be used in the general description of an offense, it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged. Russell v. United States, 369 U.S. 749, 765 (1962).

Any discussion of the purpose served by a grand jury indictment in the administration of federal criminal law must begin with the Fifth and Sixth Amendments to the Constitution. Russell v. United States, 369 U.S. at 760. The Fifth Amendment's guarantee of the right to indictment by a grand jury and its double jeopardy bar along with the Sixth Amendment's guarantee that a defendant be informed of the charges against him establish two minimum requirements for an indictment. The indictment must adequately apprise a defendant of the charge against him so that he can prepare his defense, and it must establish a record that shows when the defense of double jeopardy may be available to the defendant in the event future proceedings are brought against him. Russell v. United States, 369 U.S. at 763-64. In this case, the indictment meets these minimal Constitutional

5

standards.  See United States v. Hinkle, 637 F.2d 1154, 1157 (7th Cir. 1981).

### A. *SIXTH AMENDMENT*

Ordinarily, it is proper for an indictment to be drawn in the language of the statute, but following the generic wording of a statute is not necessarily sufficient.

> Where guilt depends so crucially upon . . . a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute. "It is an elementary principle of criminal pleading, that where the definition of an offence, whether it be at common law or by statute, 'includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species, it must descend to particulars.'"

United States v. Cruikshank, 92 U.S. 542, 558 (1875).  An indictment not framed to apprise the defendant "with reasonable certainty, of the nature of the accusation against him . . . is defective, although it may follow the language of the statute." United States v. Simmons, 96 U.S. 360, 362 (1877).  "[T]hese basic principles of fundamental fairness retain their full vitality under modern concepts of pleading, and specifically under Rule 7(c) of the Federal Rules of Criminal Procedure." Russell v. United States, 369 U.S. at 765.

In this case, count one follows the wording of the statute allegedly violated.  It fully, expressly, and without ambiguity

6

sets forth the elements necessary to constitute the offense charged.

Title 18, United States Code, Section 1001, states in pertinent part as follows:

> (a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully--
>
>> (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
>>
>> (2) makes any materially false, fictitious, or fraudulent statement or representation; or
>>
>> (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;
>
> shall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both. If the matter relates to an offense under chapter 109A, 109B, 110, or 117, or section 1591, then the term of imprisonment imposed under this section shall be not more than 8 years.

Count one of the indictment tracks the language of the statute. It alleges that defendant made a false and fraudulent statement, it identifies the false and fraudulent statement, it alleges that the statement was made in connection with a grand jury investigation into the illegal solicitation and acceptance of funds and loans by Judge Neal from attorneys and others with an interest in her cases, it alleges that the statement was material to the investigation, and it alleges that the

7

investigation was a federal investigation being conducted by the FBI and a federal grand jury. The indictment alleges the date the statement was made, and it outlines the factual scenario under which the statement was made.

There is nothing in the statute that is vague, and the indictment contains facts indicating precisely what defendant is alleged to have done in violation of the statute.

### B. FIFTH AMENDMENT

The Fifth Amendment's guarantee of the right to indictment by a grand jury and its double jeopardy bar establish a minimum requirement for an indictment. Russell v. United States, 369 U.S. at 763-64.

In this case, there is a factual basis for each and every element of the offense charged in count one. In order to secure a conviction, the government must prove each of the following elements:

One, the defendant knowingly, voluntarily and intentionally made a false statement to FBI Special Agent Walter R. Schaefer during an investigation by the FBI and the grand jury regarding Kansas City Municipal Judge Deborah Neal;

Two, the statement was material to the FBI and the grand jury; and

Three, the investigation of Judge Neal was a matter within the jurisdiction of the FBI and the grand jury.

8

Here, the indictment puts defendant on notice that he is charged with stating that he did not make any loans to Judge Deborah Neal and did not have any documentation of any loans to Judge Neal; that the statement was false; that the statement was made to FBI Special Agent Schaefer, that the statement was made on September 16, 2004, in Kansas City, Missouri; that the statement was made in connection with a criminal investigation by the FBI and a federal grand jury into the acceptance of loans and other funds by Judge Deborah Neal from attorneys and others who had an interest in her cases; that the statement was material to the investigation; and that the statement was knowingly, voluntarily, and intentionally made.

Count one of the indictment provides sufficient detail to enable defendant to plead acquittal or conviction as a bar to future prosecution, required by the Fifth Amendment.

## *IV. CONCLUSION*

I find that count one of the indictment contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and that count one of the indictment contains sufficient information to allow defendant to plead double jeopardy. Therefore, it is

RECOMMENDED that the court, after an independent review of the pleadings and applicable law, enter an order denying the

9

defendant's motion to dismiss count one of the indictment for failure to state an essential element.

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has ten days from the date of receipt of a copy of this report and recommendation to file and serve specific objections unless an extension of time for good cause is obtained.


/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
December 6, 2007