IN THE UNITED STATES DISTRICT COURT FOR THE
                  WESTERN DISTRICT OF MISSOURI
                       WESTERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )
                               )
     v.                        )  Criminal Action No.
                               )  07-00008-01-CR-W-DW
CARL W. BUSSEY,                )
                               )
          Defendant.           )

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANT'S MOTION TO REQUIRE THE GOVERNMENT TO ELECT
BETWEEN COUNT TWO AND COUNT THREE AS THE TWO COUNTS
ARE MULTIPLICITOUS**

Before the court is defendant's motion to dismiss count three on the ground that it is multiplicitous with count two, or in the alternative to force the government to elect a count prior to trial. I find that the two perjury offenses charged in counts two and three are multiplicitous because the each require the same factual proof of falsity. Therefore, defendant's motion to require the government to elect to proceed with either count two or count three prior to trial should be granted.

*I.   BACKGROUND*

On January 5, 2007, an indictment was returned charging defendant with one count of making a false statement, in violation of 18 U.S.C. § 1001, and three counts of perjury, in violation of 18 U.S.C. § 1621.

On November 18, 2007, defendant filed a motion to dismiss count three of the indictment as multiplicitous (document number

33). This motion was filed on November 18, 2007, without leave
to file it out of time, even though the deadline for filing
pretrial motions had passed more than nine months earlier (all
pretrial motions were due by February 6, 2007). In support of
his motion, defendant states in part as follows:

> The information about what records Mr. Bussey had or
> did not have is mere surplusage inasmuch as the
> charging language and gist of the offense is lying
> about whether he did or did not make loans to Neal. . .
> . Count three of the indictment virtually admits
> multiplicity by incorporating paragraphs two and three
> of Count two by reference and then goes on to again
> allege in the charging paragraph three of Count three
> that when he submitted the affidavit " . . . he then
> and there well know and believed [it] . . . was false
> in that he knew he had made a personal loan to Judge
> Deborah A Neal". . . . The only possible arguable
> distinction between counts two and three is the
> description of the falsity. In count two he is alleged
> to have made "loans" plural. In Count three the
> criminal defalcation is described as a "loan" singular.

On December 3, 2007, the government filed a response in
opposition to defendant's motion (document number 55) arguing
that separate false statements may be charged in separate perjury
counts if they require different factual proofs of their
falsehood, not withstanding their relationship to a common nexus
of fact; that each count deals with a different page and/or
paragraph of defendant's affidavit; and that defendant himself
chose to address issues separately in his affidavit rather than
the prosecutor orchestrating repetitious questions as a basis for
multiplicitous charges.

2

## II. THE INDICTMENT

Counts two and three of the indictment read as follows:

### COUNT TWO

1. The Grand Jury incorporates by reference paragraphs one through four of Count One as if fully set forth herein.

2. On or about October 4, 2004, at Kansas City, in the Western District of Missouri, the defendant CARL W. BUSSEY submitted an Affidavit, duly sworn under oath before a notary public, in lieu of testimony before the Grand Jury, knowing and intending that the said Affidavit would be presented to the Grand Jury and the United States in its investigation of Kansas City Municipal Judge Deborah Neal.

3. In the Affidavit, the defendant knowingly made a false material declaration, as described below.

4. On or about October 4, 2004, at Kansas City, in the Western District of Missouri, the defendant CARL W. BUSSEY, while under oath, in response to the Grand Jury Subpoena and in lieu of personally appearing before the Grand Jury, did knowingly declare the following, the matters being material to the Grand Jury and the United States in its investigation:

> 3. That in response to the attachment to Grand Jury Subpoena, he submits the following:
> a. That he has never loaned any money to Municipal Court Judge Deborah A. Neal and he therefore he (sic) has no check(s) or other documents relating to any loan or payments in his possession;
> b. That he has never made a loan to Judge Neal and therefore has no loan agreement(s) relating to any such loans or payments;
> c. That he has never made any loans to Judge Neal and therefore does not possess any records of repayment of any such loans or payments;
> d. That he has no records of correspondence with Judge Neal concerning any loans or payments or received any repayments as he never loaned Judge Neal any money:
> * * *
> [Affidavit of Carl W. Bussey, Esq., page 1.]

3

5. The above affidavit testimony of the defendant CARL W. BUSSEY, as he then and there well knew and believed, was false in that he knew he had made loans to Judge Deborah A. Neal.

All in violation of Title 18, United States Code, Section 1621.

### COUNT THREE

1. The Grand Jury incorporates by reference paragraphs one through four of Count One and paragraphs two and three of Count Two as if fully set forth herein.

2. On or about October 4, 2004, at Kansas City, in the Western District of Missouri, the defendant CARL W. BUSSEY, while under oath and in response to the Grand Jury Subpoena, did knowingly declare the following, the matters being material to the Grand Jury and the United States in its investigation:

> I Carl W. Bussey do hereby swear under oath the following regarding information requested by Government subpoena:
>
> 1. I have never made a personal loan to Judge Deborah Neal. . .
>
> [Affidavit of Carl W. Bussey, Esq., page 2, paragraph 1.]

All in violation of Title 18, United States code, Section 1621.

### *III. MULTIPLICITY*

The term "multiplicity" refers to the charging of a single offense in several counts. United States v. Worthon, 315 F.3d 980, 983 (8th Cir. 2003); United States v. Dixon, 921 F.2d 194, 195 (8th Cir. 1990); United States v. Kazenbach, 824 F.2d 649, 651 (8th Cir. 1987). The vice of this practice is that multiple sentences may result, or it may suggest to the jury that the

4

defendant committed more than one crime. United States v. Dixon, 921 F.2d at 195.

When the same statutory violation is charged twice, the question is whether Congress intended the facts underlying each count to make up a separate unit of prosecution. United States v. Chipps, 410 F.3d 438, 447 (8th Cir. 2005), (citing Bell v. United States, 349 U.S. 81, 83-84 (1955)). The unit of prosecution is the aspect of criminal activity that Congress intended to punish.

Whether counts two and three are multiplicitous depends on whether Congress intended to punish perjury as a course of conduct, such that the first bit of perjury is part of the second bit of perjury, or whether Congress sought to punish separately individual acts within an episode. United States v. Chipps, 410 F.3d at 448. Separate and distinct false declarations which require different factual proof of falsity may properly be charged in separate counts even though they are all related and arise out of the same transaction. United States v. Scott, 682 F.2d 695, 698 (8th Cir. 1982). See also United States v. Feldhacker, 849 F.2d 293, 297 (8th Cir. 1988) ("separate false statements may be charged in separate perjury counts if they require different factual proofs of their falsehood, notwithstanding their relationship to a common nexus of fact.")

In United States v. Scott, the defendant was charged with making false statements regarding three individuals she knew who

5

had been charged with two separate bank robberies. She was charged in three separate counts with falsely testifying that (1) she could not identify a striped coat worn by an individual in exhibit C (after she had told police it was her coat and she had lent it to her boy friend, McNeal), (2) she could not identify the person in exhibit D (whom she had previously identified as McNeal), and (3) that she could not identify the individuals in exhibit E (whom she had previously identified as McNeal and her half-brother, Olie Ealom). In affirming the conviction of three counts of making false statements, the court noted that each of those falsities required different factual proof of falsity.

> [T]he three counts relate to two separate robberies and the identities of two individuals. Different evidence was required to establish that the various responses were false. We conclude that the indictment is not multiplicitous.

United States v. Scott, 682 F.2d at 698.

In United States v. Feldhacker, the defendant was charged with four counts of obstruction of justice for falsely denying that (1) Critz sold cocaine to Bob Bruns, (2) that Critz sold cocaine to Tom Heirigs, (3) that she received money from Heirigs as payment for the cocaine, and (4) that she sold cocaine to Donald Grothe. Feldhacker argued that the four counts were multiplicitous because they incorporated a "blanket denial of any knowledge or involvement in cocaine trafficking." The court of appeals rejected that argument, finding that "separate false statements may be charged in separate perjury counts if they

6

require different factual proofs of their falsehood, notwithstanding their relationship to a common nexus of fact", citing United States v. Scott, 682 F.2d 695 (8th Cir. 1982).  The court held that granting the defendant's motion to elect between perjury counts would reward her for the breadth of her original false denial.  United States v. Feldhacker, 849 F.2d at 298.

The government does not disagree with the above-cited law; rather, the government attempts to liken this case to Feldhacker, discussed above, because each of the perjury counts against defendant Bussey came from statements in different paragraphs and pages of his affidavit.  Not surprisingly, the government has cited no law to support this argument.  The court in Feldhacker did not hold that the multiple counts of perjury were not multiplicitous because they arose from different paragraphs.  The court held that the different counts were not multiplicitous because they were each different statements requiring different proof of their falsity.  The statements in Feldhacker, again, were as follows:

    1.   Critz sold cocaine to Bob Bruns

    2.   Critz sold cocaine to Tom Heirigs

    3.   Feldhacker received money from Heirigs as payment for cocaine

    4.   Feldhacker sold cocaine to Donald Grothe.

7

In contrast, counts two and three charged in this case involve the following statements:

1. Bussey did not make any loans to Judge Deborah Neal.

2. Bussey never loaned any money to Municipal Court Judge Deborah Neal and therefore had no documentation of any such loans.

The government does not explain how different factual proof of the falsity of each statement will be required, and I cannot come up with such an explanation. The falsity of both statements is the same -- Defendant claimed he never loaned any money to Judge Neal.

### *IV. CONCLUSION*

I find that counts two and three are multiplicitous because both counts require the same factual proof of falsity, i.e., that defendant did not loan money to Judge Deborah Neal. Therefore, it is

RECOMMENDED that the court, after an independent review of the pleadings and applicable law, enter an order granting the defendant's motion to require the government to elect to proceed with either count two or count three prior to trial.

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has ten days from the date of receipt of a copy of this

8

report and recommendation to file and serve specific objections unless an extension of time for good cause is obtained.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
December 10, 2007

9