IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 07-00008-01-CR-W-DW |
| CARL BUSSEY, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION TO DENY
DEFENDANT'S MOTION TO DISMISS COUNT FOUR
ON THE GROUNDS OF VAGUENESS**

Before the court is defendant's motion to dismiss count four on the ground that the indictment is unconstitutionally vague. I find that count four contains sufficient information to apprise defendant of the nature of the charges and to enable him to plead an acquittal or conviction in bar of future prosecutions. Therefore, defendant's motion should be denied.

*I.  BACKGROUND*

On January 5, 2007, an indictment was returned charging defendant with one count of making a false statement, in violation of 18 U.S.C. § 1001, and three counts of perjury, in violation of 18 U.S.C. § 1621.

On November 19, 2007, defendant filed a motion to dismiss count four of the indictment as unconstitutionally vague (document number 37). This motion was filed on November 19, 2007, without leave to file it out of time, even though the deadline for filing pretrial motions had passed more than nine

months earlier (all pretrial motions were due by February 6, 2007). In support of his motion, defendant states in part as follows:

> Nothing in Count Four, Paragraph 2, subparagraph 2, is alleged by the Government as a false statement in Count Four, Paragraph 3. Instead Paragraph 3 makes a blanket assertion that everything contained in Paragraph 2 was known to be false by Defendant Bussey when in fact, Paragraphs 2 and 3 are not in conflict and there is no specific allegation as to what statement is false.

On December 3, 2007, the government filed a response to defendant's motion (document number 54). The government's response contains a chart comparing the statement made by defendant and the allegation in paragraph 3 of count four explaining how the statement is false.

## *II. PERJURY STATUTE*

Title 18, United States Code, Section 1621 states in relevant part as follows:

> Whoever--
>     (1) having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true; or
>     (2) in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true;
> is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years, or both. This section

is applicable whether the statement or subscription is made within or without the United States.

### III. THE INDICTMENT

Count four of the indictment reads as follows:

    1.   The Grand Jury incorporates by reference paragraphs one through four of Count One and paragraphs two and three of Count Two as if fully set forth herein.
    2.   On or about October 4, 2004, at Kansas City, in the Western District of Missouri, the defendant CARL W. BUSSEY, while under oath and in response to the Grand Jury Subpoena, did knowingly declare the following, the matters being material to the Grand Jury and the United States in its investigation:

> I Carl W. Bussey do hereby swear under oath the following regarding information requested by Government subpoena:
> 2.   In the year 2002 or 2003 my cousin Dr. Alexis Thomas contacted me as to whether or not I believe Judge Neal to be capable and stable as a colleague because she was considering giving her a loan. * * * I recall the loan because my cousin has continuously and consistently requested my assistance in helping her obtain repayment of [the] loan. I don't know of or recall any other loans.

[Affidavit of Carl W. Bussey, Esq., page 2, paragraph 2.]
    3.   The above affidavit testimony of the defendant CARL W. BUSSEY, as he then and there well knew and believed, was false in that he knew Judge Deborah A. Neal requested him to ask Dr. Thomas if Dr. Thomas would loan Judge Neal money; he approached Dr. Thomas and asked her to loan Judge Neal money; Dr. Thomas called Judge Neal in his presence and agreed to loan her money; and Dr. Thomas gave defendant Bussey a check payable to Judge Neal, which he delivered to Judge Neal.
    All in violation of Title 18, United States Code, Section 1621.

### IV. VAGUENESS OF THE INDICTMENT

It is well established that an indictment is sufficient if it (1) contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend,

3

and (2) enables him to plead an acquittal or conviction in bar of future prosecutions. Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. McMahan, 744 F.2d 647, 650 (8th Cir. 1984). The sufficiency of the indictment is to be judged by practical, and not be technical, considerations. Hayes v. United States, 296 F.2d 657, 667 (8th Cir. 1961), cert. denied, 369 U.S. 867 (1962). An indictment ordinarily is held sufficient unless it is so defective that by no reasonable construction can it be said to charge the offense for which the defendant was convicted. United States v. Young, 618 F.2d 1281, 1286 (8th Cir.), cert. denied, 449 U.S. 844 (1980); United States v. Ivers, 512 F.2d 121, 123 (8th Cir. 1975).

It is generally sufficient that the indictment sets forth the offense in the words of the statute itself, so long as those words fully, directly, and expressly, without uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished. Hamling v. United States, 418 U.S. at 117; United States v. McKnight, 799 F.2d 443, 445 (8th Cir. 1986); United States v. Opsta, 659 F.2d 848, 850 (8th Cir. 1981). However, the indictment does not have to follow the exact wording of the statute. United States v. Ivers, 512 F.2d at 123.

Tracking the language of the statute:

Count four clearly tracks the language of 18 U.S.C. § 1621. The indictment alleges that defendant took an oath before a Grand

4

Jury of the United States that his affidavit was true, when in fact he willfully provided material information which he did not believe to be true. In addition, the indictment adds the specific statement of defendant and the specific manner in which that statement is false and defendant knew it was false.

Elements of 18 U.S.C. § 1621:

A challenge on the basis of vagueness can be met when the indictment tracks the language of the statute only when those words fully, directly, and expressly, without uncertainty or ambiguity, set forth all the elements necessary to constitute the offense charged.

In order to secure a conviction for perjury under 18 U.S.C. 1621, the government must prove the following elements: (1) an oath authorized by a law of the United States, (2) taken before a competent tribunal, officer, or person, and (3) a false statement willfully made as to facts material to the hearing. United States v. Hvass, 335 U.S. 570 (1958); United States v. Debrow, 346 .S. 374, 376 (1953); United States v. Plumley, 207 F.3d 1086, 1095 (8th Cir. 2000).

Because the elements of the offense are clearly contained within the statutory language, there is no ambiguity in the language of § 1621. Therefore, the fact that the indictment tracks the language of the statute is sufficient.

5

Informs defendant of the crime against which he must defend:

To be valid, the indictment must fairly inform the defendant of the crime against which he must defend. Defendant argues that the paragraph of count four outlining his statement is the same as the paragraph of count four explaining how the statement is false. In other words, he claims that the defendant's version of the events is the same as the government's version of the events.

Defendants' argument is without merit. The government's response clearly outlines the differences between defendant's statement and how the indictment alleges that the statement is false. For example:

1. Defendant stated that Dr. Thomas contacted defendant about Judge Neal's stability as a colleague, when in reality Judge Neal asked defendant to contact Dr. Thomas about a loan.

2. Defendant stated that Dr. Thomas contacted defendant because Dr. Thomas was considering loaning money to Judge Neal, when in reality defendant approached Dr. Thomas about a loan at the request of Judge Neal.

3. Dr. Thomas contacted defendant about Judge Neal because Dr. Thomas was considering making a loan to Judge Neal, when in reality Dr. Thomas gave a check to defendant who then delivered it to Judge Neal.

The indictment clearly alleges that defendant's statement, i.e., that Dr. Thomas contacted him about Judge Neal because Dr. Thomas was considering loaning Judge Neal money, was false in that Judge Neal approached defendant who then, at the request of Judge Neal, contacted Dr. Thomas about loaning the judge money.

Count four of the indictment clearly informs defendant of the crime against which he must defend.

Double jeopardy:

The final requirement is that the indictment enable defendant to plead an acquittal or conviction in bar of future prosecutions. Count four alleges a specific date, quotes a specific statement made by defendant, and specifically outlines how that statement is false. I cannot imagine how this allegation can be more specific.

Based on all of the above, I find that count four contains sufficient information to apprise defendant of the nature of the charge and enables him to plead an acquittal or conviction in bar of future prosecutions. Therefore, his motion to dismiss on the ground that count four is unconstitutionally vague should be denied.

## IV. MULTIPLICITY

Although defendant provides no argument for this theory, he states briefly in his motion that count four is multiplicitous with count two:

7

> Even if the Government argues Defendant Bussey's statement that he doesn't know of or recall any other loans is false because Defendant Bussey allegedly made a loan to Judge Neal, this is the heart of the indictment and is the same allegation contained in Counts Two and Three of the Indictment. For the Government to allege again that Defendant Bussey made a false statement by saying he didn't loan any money to Judge Neal in Count Four would be multiplicious as argued in Defendant's Motion to Dismiss Count Three of the Indictment on Grounds that it is multiplicious with Count Two. Alternatively to Require the Government to Elect which of the Two Counts it will Go Forward with at Trial. Said Motion and the suggestions contained therein are incorporated herein by reference.

See page 3 of defendant's motion.

The term "multiplicity" refers to the charging of a single offense in several counts. United States v. Worthon, 315 F.3d 980, 983 (8th Cir. 2003); United States v. Dixon, 921 F.2d 194, 195 (8th Cir. 1990); United States v. Kazenbach, 824 F.2d 649, 651 (8th Cir. 1987). The vice of this practice is that multiple sentences may result, or it may suggest to the jury that the defendant committed more than one crime. United States v. Dixon, 921 F.2d at 195.

When the same statutory violation is charged twice, the question is whether Congress intended the facts underlying each count to make up a separate unit of prosecution. United States v. Chipps, 410 F.3d 438, 447 (8th Cir. 2005), (citing Bell v. United States, 349 U.S. 81, 83-84 (1955)). The unit of prosecution is the aspect of criminal activity that Congress intended to punish.

Whether counts two and four are multiplicitous depends on whether Congress intended to punish perjury as a course of

8

conduct, such that the first bit of perjury is part of the second bit of perjury, or whether Congress sought to punish separately individual acts within an episode. United States v. Chipps, 410 F.3d at 448.  Separate and distinct false declarations which require different factual proof of falsity may properly be charged in separate counts even though they are all related and arise out of the same transaction. United States v. Scott, 682 F.2d 695, 698 (8th Cir. 1982). See also United States v. Feldhacker, 849 F.2d 293, 297 (8th Cir. 1988) ("separate false statements may be charged in separate perjury counts if they require different factual proofs of their falsehood, notwithstanding their relationship to a common nexus of fact.")

In United States v. Scott, the defendant was charged with making false statements regarding three individuals she knew who had been charged with two separate bank robberies.  She was charged in three separate counts with falsely testifying that (1) she could not identify a striped coat worn by an individual in exhibit C (after she had told police it was her coat and she had lent it to her boy friend, McNeal), (2) she could not identify the person in exhibit D (whom she had previously identified as McNeal), and (3) that she could not identify the individuals in exhibit E (whom she had previously identified as McNeal and her half-brother, Olie Ealom).  In affirming the conviction of three counts of making false statements, the court noted that each of

9

those falsities required different factual proof of falsity.

> [T]he three counts relate to two separate robberies and the identities of two individuals. Different evidence was required to establish that the various responses were false. We conclude that the indictment is not multiplicitous.

United States v. Scott, 682 F.2d at 698.

In United States v. Feldhacker, the defendant was charged with four counts of obstruction of justice for falsely denying that (1) Critz sold cocaine to Bob Bruns, (2) that Critz sold cocaine to Tom Heirigs, (3) that she received money from Heirigs as payment for the cocaine, and (4) that she sold cocaine to Donald Grothe. Feldhacker argued that the four counts were multiplicitous because they incorporated a "blanket denial of any knowledge or involvement in cocaine trafficking." The court of appeals rejected that argument, finding that "separate false statements may be charged in separate perjury counts if they require different factual proofs of their falsehood, notwithstanding their relationship to a common nexus of fact", citing United States v. Scott, 682 F.2d 695 (8th Cir. 1982). The court held that granting the defendant's motion to elect between perjury counts would reward her for the breadth of her original false denial. United States v. Feldhacker, 849 F.2d at 298.

In this case, counts two and four require different factual proof of falsity. Count two requires the government to prove that (1) defendant stated he never made any loans to Judge Deborah Neal, and (2) defendant knew that statement was false

10

because he had in fact provided loans to Judge Neal. Count four requires the government to prove that (1) defendant stated that his cousin approached him about Judge Neal's stability as a colleague because the cousin was considering loaning money to Judge Neal, and (2) defendant knew that statement was false because defendant actually approached his cousin at Judge Neal's request and defendant obtained a check from his cousin which he then delivered to Judge Neal.

Merely because defendant's statement also includes the fact that he does not know about any other loans (which alleged to be false because defendant had himself made a loan to Judge Neal), this is not the sum total of count four, and proof of this falsity would not establish a conviction under count four without the proof of the falsity regarding defendant's cousin.

Therefore, because count four requires factual proof of falsity different from that required to prove count two, counts two and four are not multiplicitous.

### *IV. CONCLUSION*

Because count four contains sufficient information to apprise defendant of the nature of the charge and to enable him to plead an acquittal or conviction in bar of future prosecutions, and because count four requires factual proof of falsity different from that required to prove count two, it is

11

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order denying defendant's motion to dismiss count four for vagueness or in the alternative to require the government to elect between counts two and four.

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has ten days from the date of receipt of a copy of this report and recommendation to file and serve specific objections.

          /s/ Robert E. Larsen
          ROBERT E. LARSEN
          United States Magistrate Judge

Kansas City, Missouri
December 10, 2007