IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 07-00008-01-CR-W- NKL |
| CARL W. BUSSEY, ) | |
| Defendant. ) | |

ORDER

Pending before the Court is Defendant Carl W. Bussey's Motion for Attorneys' Fees and Costs under 18 U.S.C. § 3006A [Doc. # 103], the "Hyde Amendment" which gives the district court discretion to award a prevailing defendant attorneys' fees where there is a showing that the prosecution was vexatious, frivolous or in bad faith. Bussey has made no such showing here and his motion is therefore denied.

**II.     Discussion**

A prosecution is "vexatious" for purposes of the Hyde Amendment if the defendant can show that the criminal case "was objectively deficient, in that it lacked either legal merit or factual foundation, and a showing that the Government's conduct, when viewed objectively, manifests maliciousness or an intent to harass or annoy." *United States v. Knott*, 256 F.3d 20, 29 (1st Cir. 2001). A "frivolous" prosecution occurs where the Government's position "is utterly without foundation in law or fact." *Bowman*,

1

380 F.3d at 390 (citing *United States v. Beeks*, 266 F.3d 880, 883-84 (8th Cir. 2001)). And, in the context of §3006A, a prosecution is brought in "bad faith" if it stems, not simply from bad judgment or negligence, but rather involves the conscious doing of a wrong based upon dishonest purpose or moral obliquity; it contemplates a state of mind affirmatively operating with furtive design or ill will. *United States v. Gilbert*, 198 F.3d 1293, 1299 (11th Cir. 1999).

Bussey was not, as his motion suggests, prosecuted for making a check out to one party for the purpose of improperly paying another. (Doc. 109). He was prosecuted, and acquitted, for making false statements which did not require the submission of physical evidence. The Court denied Bussey's Motion for Judgment of Acquittal because sufficient evidence, the testimony of the Government's key witness, existed to support a conviction. Neither Bussey, the Government, nor this Court has located any authority for awarding fees under the Hyde Amendment where the trial court denied a defendant's motion for judgment of acquittal. The jury presumably did not find the Government's witness credible, but the Government's case was not made in bad faith.

Accordingly, it is

ORDERED that Bussey's Motion for Attorneys' Fees and Costs [Doc. # 103] is DENIED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: <u>May 2, 2008</u>

Jefferson City, Missouri